**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**AIRLOUIE LLC,**

    **Plaintiff,**

v.                                           Case No. 8:09-cv-1933-T-30EAJ

**HAWKER BEECHCRAFT
CORPORATION; HAWKER
BEECHCRAFT SERVICES, INC.,**

    **Defendants.**
_____/

## ORDER

In February of 2008, Airlouie LLC entered into a Maintenance Evaluation Agreement with Hawker Beechcraft Services, Inc. and a third party, for the evaluation and potential repair of an airplane. That agreement contains a forum selection clause that requires that any dispute regarding the agreement be resolved in federal or state court in Kansas. Under the terms of the Agreement, it only applies to work orders referencing the agreement. The issue before the Court is whether the work orders in dispute referenced the agreement. The Court defers ruling to allow the parties to take discovery on this issue.

Defendants Hawker Beechcraft and Hawker Beechcraft Services, Inc. filed an earlier motion to dismiss the complaint or transfer venue due to the forum selection clause. Following a hearing on the motion on February 8, 2010, this Court entered an order denying the motion without prejudice to allow Defendants to re-file their motion if they could provide

work orders that referenced the evaluation agreement.  Rather than provide the Court with the work orders, Defendants filed a "work order detail," which is dated February 9, 2010.  A document created after the fact is insufficient to show that the original work orders referenced the Evaluation Agreement.

At the hearing on February 8, 2010, the Court also found that Airlouie's Complaint was improperly pled because it failed to allege why each defendant was liable.  Airlouie was allowed twenty days to amend the complaint to correct the problem.  Apparently believing that the Court dismissed Hawker Beechcraft Corporation from the action, Airlouie neither amended the complaint nor filed a notice voluntarily dismissing Hawker Beechcraft Corporation.  Hawker Beechcraft Corporation remains a party to this action.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff Airlouie Inc.'s Motion to Compel Rule 26 Disclosures and to Allow Plaintiff to Conduct Discovery (Dkt. 22) is **GRANTED**.  The parties may conduct discovery limited to issues presented in the Motion to Dismiss.  Any discovery must be completed within ninety (90) days of the date of this Order.  Defendants are directed to produce all work documentation for the repairs at issue to Plaintiff within twenty (20) days of the date of this Order.

2. Plaintiff Airlouie Inc.'s Cross-Motion for Reconsideration and Rehearing (Dkt. 22) is **DENIED**.

3. The Court will defer ruling on Defendants' Re-filed Motion to Dismiss (Dkt. 21) until the end of the limited discovery period.

**DONE** and **ORDERED** in Tampa, Florida on March 24, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1933.discovery order.frm